FILED

2025 May-22  AM 11:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VALERIE RENEE LOWERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-1217-GMB |
| | ) | |
| JEFFERSON COUNTY RACING | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to Dismiss Plaintiff's Amended Complaint filed by the Jefferson County Racing Association ("JCRA"). Doc. 29.  The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 20.  The motion is fully briefed (Docs. 29, 32 & 33) and ripe for decision.  For the following reasons, the motion to dismiss is due to be granted.

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  In considering a motion to dismiss under Rule 12(b)(6), the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Lowery, who is representing herself in this action, initially filed a complaint against her employer, the JCRA, and her supervisors, Walter Russell and Kelly Hadley. Doc. 1. She alleged the defendants discriminated against her based on her race, color, and disability in violation of Title VII of the Civil Rights Act and the

2

Americans with Disabilities Act ("ADA"). Doc. 1 at 3–5.  She further claimed that the defendants retaliated against her in violation of either Title VII or the ADA. *See* Doc. 1 at 4.  The court dismissed Lowery's claims against all defendants under Federal Rule of Civil Procedure 12(b)(6) but granted her leave to amend her claims against the JCRA. Doc. 27 at 21.  The court instructed Lowery that her amended complaint must be a stand-alone pleading and should set forth each and every allegation and claim against the JCRA without reincorporating allegations and claims from any other pleading. Doc. 27 at 21.

Lowery's amended complaint followed. Doc. 28.  In it, she brings claims for race discrimination, disability discrimination, and retaliation under Title VII and the ADA against the JCRA.[1] Doc. 28 at 8.  The facts alleged in the amended complaint present a confusing and disjointed narrative.  The court's liberal interpretation of the narrative is as follows.[2]

---

[1] Attached to Lowery's amended complaint and her response to the motion to dismiss are documents that seem to relate to a request for FMLA leave, which the JCRA ostensibly denied. *See* Doc. 28 at 14; Doc. 28-1.  But Lowery explicitly brings claims only under Title VII and the ADA, and even a liberal interpretation of her complaint does not allow the court to read in a cause of action under the FMLA. *See Thomas*, 393 F. App'x at 637.  These documents (*see* Doc. 28-1) therefore are not central to her claims, and the court will not consider them. *See SFM Holdings, LTD. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.").

[2] The amended complaint also contains citations to Lowery's other pleadings and filings, which does not comply with the court's order granting her leave to amend. *See* Doc. 27 at 21.  The court will not rely on her other pleadings in its analysis.

Lowery is a Black woman who suffers from osteoarthritis and degenerative disc disease in her knees. Doc. 28 at 12.  In November 2023, the JCRA hired Lowery to work in customer service. Doc. 28 at 8.  The JCRA requires employees who work in that role to "stand and walk the floor," but the JCRA director noticed that Lowery limped while walking, and by December 2023 allowed Lowery to work shifts in the "cash cage" and "player's awards." Doc. 28 at 8.  Lowery thanked the director for working with her "chronic knee pain" and asked to be scheduled for more shifts in those departments. Doc. 28 at 8–9.  In March 2024, Lowery sent the JCRA medical documentation that stated she "should not spend more than 30 minutes at a time on her feet." Doc. 28 at 12.

By June 2024, Lowery's shifts in the cage came to an end. Doc. 28 at 9–10. On June 2, 2024, the JCRA manager "was hostile to Lowery" and later accused her of "stealing." Doc. 28 at 5 & 10.  A few days later, the JCRA officially removed her from the cash cage. Doc. 28 at 10.  The JCRA informed Lowery that it was removing her because she "didn't balance" the register in the cash cage—she was "over and short." Doc. 28 at 10.  Lowery did not agree with these allegations and requested either video footage from the cage or an "audit report," which the JCRA did not provide. Doc. 28 at 9–10, 12.

The next day, the JCRA director stated that it "did not have a seat[ed] position available" for Lowery. Doc. 28 at 11.  The JCRA then "put [Lowery] on further

notice" and kept her off the player's awards schedule for six months. Doc. 28 at 11. During this time, the JCRA "tried to make [her] quit and give up," "malicious[ly] attacked [her] character," and "tried to force" her to stand, despite having a copy of her medical documentation on file. Doc. 28 at 11.

Lowery filed a charge of discrimination with the EEOC.[3] *See* Doc. 28 at 10. She later filed her original complaint with this court and served the JCRA with a copy of the summons and the complaint in November 2024. *See* Docs. 1 & 9. Shortly thereafter, the JCRA "accommodated" Lowery by putting her back on the schedule in player's awards. Doc. 28 at 13.

In her amended complaint, Lowery states that the JCRA held her "to different standards than other[] employees," and she identifies two white employees who worked the cage in support of this contention. Doc. 28 at 11. The first, Julie Fisher, was suspended "for changing her schedule" with another employee, and when she "returned back to work, [the] JCRA removed her to the floor as a customer service for [being] short." Doc. 28 at 10. The second, Roxana Cox, asked to be removed from the cage and put back on the customer service floor. *See* Doc. 28 at 11. The JCRA obliged, but later terminated Cox for missing shifts. *See* Doc. 28 at 11.

Lowery claims that "[a]ll this goes back to discrimination, race and

---

[3] Lowery does not attach the EEOC charge to her amended complaint or provide any other details about the charge.

retaliations." Doc. 28 at 14.  As a result, she seeks damages for "hardship, loss of income, suffering and pain, punitive, stress and depression." Doc. 28 at 13.  And because it took six months for the JCRA to "put Lowery back on the schedule," she is "requesting back pay for six months with interest." Doc. 28 at 13.  She also asks to "continue working in the player's awards" because she is "second seniority on the [second] shift." Doc. 28 at 13.

## III.  DISCUSSION

While there is some variation between Lowery's original and amended complaints, the same deficiencies remain.  As set out below, Lowery again fails to state claims under Title VII or the ADA, and as a result her discrimination and retaliation claims against the JCRA must be dismissed.

## A.    Race Discrimination

Lowery claims the JCRA discriminated against her based on her race, but as with her original complaint, she has not alleged facts supporting a plausible race discrimination claim. *See* Doc. 27 at 9–12.  Title VII prohibits employers from discrimination because of an employee's race. 42 U.S.C. § 2000e-2(a).  To state a claim for race discrimination, a complaint need only provide enough factual matter to "plausibly suggest that the plaintiff suffered an adverse employment action due to intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015); *see also Love-Bevelle v. Bessemer City Bd. of Educ.*, 2020

WL 13662378, at *4 (N.D. Ala. Aug. 14, 2020) (citing *Iqbal*, 556 U.S. at 679) ("[A] plaintiff must allege a fact from which the court, using common sense and judicial experience, can reasonably infer that the plaintiff's race was a motivating factor in . . . the challenged action.").

There are several methods for proving discrimination under Title VII, each of which are available to a plaintiff at the pleading stage. *See Jaffe v. Birmingham Gastro. Assocs., P.C.*, 2021 WL 4220356, at *2 (N.D. Ala. Sept. 16, 2021).  One of these methods is the *McDonnell Douglas* framework, which allows a plaintiff to establish a *prima facie* case of discrimination by showing that (1) she is a member of a protected group; (2) she was qualified for the job in question; (3) she was subjected to an adverse employment action; and (4) she was treated less favorably than a similarly situated individual outside of her protected group—a "comparator." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1226 (11th Cir. 2019).  Put differently, a plaintiff must show that she and her proffered comparators were "similarly situated in all material respects," *Lewis*, 918 F.3d at 1218, but did not receive similar discipline. *See Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1336 (11th Cir. 2000), *abrogated on other grounds by Lewis*, 918 F.3d at 1224–29.  The comparison is effective if it allows the court to reasonably infer that the employer has "treat[ed] like cases differently." *Jaffe*, 2021 WL 4220356, at *3 (citing *Lewis*, 918 F.3d at

1222).

In Lowery's amended complaint, she alleges that the JCRA accused her of stealing from customers and then removed her from the cash cage when she did not balance her register. Doc. 28 at 10.  She also alleges that JCRA's manager treated her with hostility during a conversation. Doc. 28 at 5, 9.  Lowery argues that these events plausibly suggest she was the victim of racial discrimination. Doc. 28 at 10.  But she does not provide any facts that would suggest the JCRA's accusations, the manager's "hostility," or her removal from the cage had any connection to her race. *See Love-Bevelle*, 2020 WL 13662378, at *4.  Lowery therefore fails to "plausibly suggest that [she] suffered an adverse employment action due to intentional race discrimination." *See Surtain*, 789 F.3d at 1245–46.

And to the extent Lowery proffers Cox and Fisher as comparators, her complaint does not plausibly suggest that the JCRA treated like cases differently. *See Jaffe*, 2021 WL 4220356, at *3.  Cox is not a proper comparator because the JCRA moved Cox to the customer service floor simply because Cox requested it— not because she failed to balance her register. Doc. 28 at 11.  Fisher, on the other hand, did struggle to balance the register, but Lowery herself states that the "JCRA removed [Fisher] to the [customer service floor] for [being] short." Doc. 28 at 10.  On the face of the complaint, then, Lowery claims that the JCRA subjected Fisher

to the same discipline for the same conduct.[4]   This does not show intentional discrimination against Lowery.

While the failure to allege a proper comparator does not, on its own, mandate dismissal, *Jaffe*, 2021 WL 4220356, at *3, Lowery's amended complaint does not provide any facts connecting her treatment to her race.  Accordingly, the court finds that Lowery's racial discrimination claim is due to be dismissed.

## B.    Failure to Accommodate

In addition to her Title VII discrimination claim, Lowery alleges that the JCRA violated the ADA by failing to accommodate her disability. *See* Doc. 28 at 12–14.  As with her first complaint, Lowery again fails to show that she requested, but did not receive, a reasonable accommodation that would allow her to perform the essential functions of her job. *See* Doc. 27 at 14–18.

The ADA prohibits covered entities from discriminating against a "qualified individual on the basis of disability." 42 U.S.C. § 12112(a).  And an "employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide 'reasonable accommodations' for the disability—unless doing so would impose undue hardship on the employer." *Lucas v. W.W. Grainger,*

---

[4] While Lowery adds that Fisher's removal from the cage came after the JCRA received Lowery's EEOC Notice of Charge Discrimination (Doc. 28 at 10), she fails to explain why this fact would be material to her discrimination claim—a defect the court noted when considering her original complaint. *See* Doc. 27 at 11 n.3.

*Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) (quoting 42 U.S.C. § 12112(b)(5)(A)). To state a failure-to-accommodate claim under the ADA, a plaintiff must allege facts plausibly suggesting that (1) she "is disabled"; (2) she is "a qualified individual, meaning she is able to perform the essential functions of the job"; and (3) she was "discriminated against because of [her] disability by way of the defendant's failure to provide a reasonable accommodation." *Russell v. City of Tampa*, 652 F. App'x 765, 767 (11th Cir. 2016).

The employer's "duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016) (citation and quotation marks omitted). At the motion-to-dismiss stage, the plaintiff must plausibly allege that she requested a sufficiently specific accommodation. *See, e.g.*, *Cabrera Mejia v. Wal-Mart*, 2014 WL 5531432, at *2–3 (M.D.N.C. Nov. 3, 2014), *aff'd*, 599 F. App'x 520 (4th Cir. 2015), *cert. denied*, 577 U.S. 900 (2019) (dismissing a failure-to-accommodate claim where the employee, who suffered from depression, merely told his employer to "fix the problem" and alleged that "he could have 'come back to work' if the problem was fixed"). Even if the plaintiff specifically requests an accommodation, however, not every request is reasonable under the ADA. *See Stewart v. Happy Herman's Cheshire Br., Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997). Instead, "[a]n accommodation is reasonable only if it enables the qualified individual to perform

the essential functions of the job." *Dorsey v. Joe Piper, Inc.*, 2021 WL 3421393, at

*2 (N.D. Ala. 2021) (citing *Holly v. Clairson Indus.*, 492 F.3d 1247, 1256 (11th Cir.

2007) (dismissing a complaint where a deaf employee requested an interpreter but

did not show that the interpreter would enable him to perform the essential functions

of his job).

Much like her first complaint, Lowery does not plausibly allege in her

amended complaint that she requested a reasonable accommodation that would have

helped her perform her role in customer service. *See* Doc. 27 at 17–18; Doc. 28.

Lowery states that the customer service role "required her to stand and walk the

floor," and that a few months into her employment she sent medical documentation

for her claim that she could not stand for more than 30 minutes at a time because of

osteoarthritis and degenerative disc disease. Doc. 28 at 8 & 12.  As best the court

can tell, Lowery claims that because the JCRA had this medical documentation on

file, it should have either (1) allowed her to "take a 10 minute break after 30

consecutive minutes of walking and standing" or (2) scheduled her in player's

awards. *See* Doc. 28 at 13–14.  But even if the court were to assume that these

accommodations are reasonable, Lowery does not allege she requested these

accommodations (or any accommodations) after her removal from the cage.  She

thus has not plead facts that triggered the JCRA's duty to accommodate her.

*See Frazier-White*, 818 F.3d at 1255; *Cabrera Mejia*, 2014 WL 5531432, at *2–3.

Lowery therefore fails to suggest a plausible failure-to-accommodate claim under the ADA.

## C.    Retaliation

Both Title VII and the ADA prohibit discrimination against an individual because she has "opposed any act or practice made unlawful" under those provisions. *Stewart*, 117 F.3d at 1287; *see Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).  To state a retaliation claim, the plaintiff must allege that: (1) she participated in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between her participation in the protected activity and the adverse employment decision. *Stewart*, 117 F.3d at 1287.  A plaintiff may show that she engaged in statutorily protected activity by complaining of unfair treatment due to her membership in a protected class. *See Cox v. Fulton County Sch. Dist.*, 2022 WL 22308805, at *32–33 (N.D. Ga. Jan. 21, 2022); *Reynolds v. Golden Corral Corp.*, 106 F. Supp. 2d 1243, 1253–54 (M.D. Ala. 1999).

Liberally construing Lowery's complaint, she claims that the JCRA subjected her to an adverse employment action when it removed her from the cage permanently and from the schedule temporarily. *See* Doc. 28 at 10–12.  But Lowery does not allege that she participated in any statutorily protected activity before her removal from the cage or schedule.  She merely states that the JCRA is retaliating against her

"because of the conversation with the JCRA manager."[5] Doc. 28 at 10; *see* Doc. 32 at 3; Doc. 32-1 at 4. Much like her first complaint, Lowery does not allege that she complained of unfair treatment due to her membership in a protected class during this conversation, *see Cox*, 2022 WL 22308805, at \*32–33, or that this conversation had any connection to her race or disability. *See Stewart*, 117 F.3d at 1287; *see also* Doc. 27 at 20. Because Lowery fails to allege that she engaged in statutorily protected activity, her Title VII and ADA retaliation claims are due to be dismissed.

While the court is mindful of Federal Rule of Civil Procedure 15(a)'s direction to freely grant leave to amend, Lowery has had an opportunity to amend her complaint and did not request leave to amend her complaint a third time. Additionally, a district court need not allow an amendment where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies" through prior amendments; (2) amending the complaint would prejudice the opposing party; or (3) "amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *see Johnson v. Broussard*, 2017 WL 2687464, at \*6–7

---

[5] In her response to the motion to dismiss, Lowery argued that the JCRA took employment actions against other employees after she filed her EEOC charge. Doc. 32 at 4. She maintains that this behavior "suggest[s] retaliatory behavior." Doc. 32 at 4. Whether this was a reference to Fisher or some other employee, retaliation against someone else does not show retaliation against Lowery, which is the relevant question for her retaliation claim. *Cf. Gilliam v. U.S. Dept. of Veterans Affs.*, 822 F. App'x 985, 990 (11th Cir. 2020) (affirming the dismissal of a retaliation claim where plaintiff argued that defendant had retaliated against other employees who complained of discrimination because the plaintiff "failed to allege any facts supporting an inference that [defendant] acted with retaliatory intent in his case").

(N.D. Ala. June 22, 2027) ("There is no reason to require defendants to expend additional time and money defending claims that cannot possibly succeed."). Lowery has attempted to cure her pleading deficiencies, and any amendment here would be futile for the reasons discussed above.

## VI.  CONCLUSION

For these reasons, it is ORDERED that the JCRA's Motion to Dismiss (Doc. 29) is GRANTED.  The court will enter a separate order dismissing all claims in this case with prejudice.

DONE and ORDERED on May 22, 2025.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

14